UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL RAMOS, NATIONAL HISPANIC CORPORATE ACHIEVERS, INC., HISPANIC ACHIEVERS, INC.,**

            Plaintiffs,

-vs-                                      Case No. 6:07-cv-1949-Orl-19KRS

**HISPANIC ASSOCIATION ON CORPORATE RESPONSIBILITY,**

            Defendant.

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss by Defendant Hispanic Association on Corporate Responsibility (Doc. No. 7, filed Mar. 10, 2008);

2. Memorandum of Law in Support of Defendant's Motion to Dismiss (Doc. No. 8, filed Mar. 10, 2008); and

3. Opposition to Defendant's Motion to Dismiss and Memorandum of Law by Plaintiffs Daniel Ramos, National Hispanic Corporate Achievers, Inc., and Hispanic Achievers, Inc. (Doc. No. 18, filed Apr. 11, 2008).

### Background

Plaintiffs Daniel Ramos ("Ramos"), National Hispanic Corporate Achievers, Inc. ("NAHC"), and Hispanic Achievers, Inc. ("HA") brought this action against Defendant Hispanic Association on Corporate Responsibility ("Defendant HACR") alleging trademark infringement. (Doc. No. 1, filed Dec. 11, 2007.) The general allegations are summarized as follows.

Ramos is the sole owner and officer of NAHC, incorporated in 1999, and HA, incorporated in 2000. (*Id.* at 2-3, ¶¶ 3, 8, 10.) Ramos has used the mark "Hispanic Corporate Achievers" since 1987 "in conjunction with his services of promoting Hispanics and Hispanic issues among corporations and other business." (*Id.* ¶ 7.) He has used the mark "Hispanic Achievers" since 1998 and "National Hispanic Corporate Achievers" since 2000. (*Id.* ¶¶ 7, 9.) According to the Complaint, Plaintiffs Ramos, NAHC, and HA "have valid ownership of their respective marks under common law by virtue of their continued use in commerce as of the aforementioned first use dates[.]" (*Id.* at 3, ¶ 11.)

On approximately July 22, 1998, Plaintiff offered to "provide services" to Carlos R. Orta ("Orta"), current President of Defendant HACR, during Orta's tenure as the National Manager for Hispanic Affairs at the Ford Motor Company. (*Id.* ¶ 12.) Orta responded on behalf of the Ford Motor Company on April 15, 1998, declining Ramos' invitation for support. (*Id.* at 9.) In approximately April of 2006, Orta joined Defendant HACR. (*Id.* at 3, ¶ 15.) Plaintiffs aver, "With specific knowledge of Plaintiffs' trademarks and the nature of their services, HACR, at the direction of Orta, began infringing on said trademarks by using a confusingly similar 'Young Hispanic Corporate Achievers' mark in conjunction with its award ceremony." (*Id.* ¶ 16.)

Defendant HACR filed for registration of the "Young Hispanic Corporate Achievers" mark with the United States Patent and Trademark Office ("USPTO") on approximately August 1, 2006. (*Id.* at 4, ¶ 17.) This mark was published for opposition on March 20, 2007; however, Plaintiffs at that time were unaware of the registration application. (*Id.* n. 2.) Thus, Plaintiffs are "currently without remedy with the USPTO since the opposition period has expired and the registration has not been approved such as could sustain a cancellation action and/or fraudulent registration action

pursuant to 15 U.S.C. § 1120[.]" (*Id.* ¶ 18.)  On approximately January 4, 2007, Defendant HACR filed for registration of the "Hispanic Corporate Achievers" mark with the USPTO. (*Id.* ¶ 19.)  This mark has not yet been published for opposition and therefore "Plaintiffs are without remedy in the USPTO . . . ." (*Id.* ¶ 21.)

Plaintiffs became aware of the infringement in approximately October 2007 when their sponsors and customers began complaining about the confusingly similar nature of Defendant HACR's mark. (*Id.* ¶ 22.)  These customers "informed Plaintiffs that Defendant was willfully and deliberately attempting to pass its services off (palm off) as Plaintiffs' services to its customers in Central Florida and nationally." (*Id.* at 4-5, ¶ 23.)  Therefore, on December 11, 2007, Plaintiffs brought the instant action against Defendant HARC alleging infringement of their common law trademarks "Hispanic Corporate Achievers," "National Hispanic Corporate Achievers," and "Hispanic Achievers." (*Id.* at 5, ¶¶ 34-38.)  Plaintiffs seek damages and injunctive relief against future infringement. (*Id.* at 5-6.)

Defendant filed a Motion to dismiss the Complaint on March 10, 2008 (Doc. No. 7), and Plaintiffs filed a Response in opposition to this Motion on April 11, 2008 (Doc. No. 18).

**Standard of Review**

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds).  The Court must limit its consideration to this pleading and the written

instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

In its Motion to Dismiss, Defendant argues that Plaintiffs fail to state a claim upon which relief may be granted because the unregistered common law marks claimed by Plaintiffs are "generic terms in the public domain, or in the alternative, descriptive terms which have not acquired a secondary meaning." (Doc. No. 7 at 1.) Plaintiffs argue in response that Defendant has not yet filed a responsive pleading and therefore cannot assert the affirmative defense of genericness in a motion to dismiss. (Doc. No. 18 at 2-3, ¶ 8.) Plaintiffs further contend that their marks are not generic terms or are at least descriptive terms that have acquired a secondary meaning. (*Id.* at 3, ¶ 9.)

The Trademark Act of 1946, more commonly known as the Lanham Act, provides the statutory framework for protection of trademarks. 15 U.S.C. §§ 1051-1141n (2006). Trademark protection is only available to "distinctive" marks that "serve the purpose of identifying the source of the goods or services . . . ." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1357 (11th Cir. 2007). There are four categories of marks which define their distinctiveness from weakest to strongest: (1) generic, (2) descriptive, (3) suggestive, and (4) arbitrary. *Frehling Enters., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). Distinctiveness is a question of fact usually reserved for the jury. *E.g.*, *Welding Servs., Inc.*, 509 F.3d at 1357; *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1358 (Fed. Cir. 2007); *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk*

*Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005); *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 215 (2d Cir. 2003).

As previously explained, at the Motion to Dismiss stage, the Court must consider all the allegations of the Complaint as true. *E.g.*, *Jackson*, 21 F.3d at 1534. Plaintiffs have claimed that they have valid trademarks that are being infringed by Defendant. (Doc. No. 1 at 5, ¶¶ 25-27.) It would therefore be premature for the Court to rule on the distinctiveness of Plaintiffs' alleged marks at this stage of the proceedings. Accordingly, the Court must deny Defendant's Motion to Dismiss.

## Conclusion

Based on the foregoing, the Court **DENIES** the Motion to Dismiss by Defendant Hispanic Association on Corporate Responsibility (Doc. No. 7, filed Mar. 10, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August  12 , 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record